IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jabir Dahir Abdulle,<br><br>                Petitioner,<br><br>v.<br><br>Michael Donahue,<br><br>                Respondent. | No. CV 15-01491-PHX-GMS (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE G. MURRAY SNOW:**

       This matter is on referral to the undersigned pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

**I.    Procedural History**

       On August 3, 2015, Jabir Dahir Abdulle ("Petitioner"), a Somali citizen, filed a *pro se* Petition for Writ of Habeas Corpus ("Habeas Petition") under 28 U.S.C. § 2241. At the time of filing, Petitioner was confined in the Eloy Detention Center in Eloy, Arizona. According to the Petition, Petitioner was transferred to the custody of Immigration and Customs Enforcement ("ICE") on March 28, 2014.

       Petitioner names Michael Donahue as Respondent and raises one ground for relief. The Habeas Petition sets forth the following sole request for relief: "[t]o order the Department of Homeland Security to immediately grant me supervised release from custody." (Doc. 1 at 9). He alleges that his order of removal became final on January 27, 2015, but that he remains detained with no reasonable likelihood that he will be removed

to his home country (Somalia) in the foreseeable future, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001) (six-month period of detention after order of removal becomes final is presumptively unreasonable).

On August 5, 2015, Petitioner was released from ICE custody pursuant to an Order of Supervision (Doc. 9–1). Respondent filed a Response to Petition for Writ of Habeas Corpus and Suggestion of Mootness (Doc. 9), arguing that the Habeas Petition is now moot. Petitioner has not filed a response to the Response and Suggestion of Mootness and the time for filing such a response has passed. Mail sent to Petitioner has been returned as undeliverable because he is no longer in custody. (Docs. 4, 7).

## II. Analysis

Article III of the United States Constitution empowers federal courts to adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). It is insufficient that the case-or-controversy requirement is satisfied when the suit is filed, the requirement "subsists through all stages of federal judicial proceedings . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990) (internal quotations omitted). If it appears that the Court is without power to grant the relief requested by a habeas petitioner, then that case is moot. *Picrin-Peron v. Rison*, 930 F.2d 773, 775–76 (9th Cir. 1991).

In the case before the Court, Petitioner challenges only the legitimacy of his continued detention and seeks, as his sole request, relief from it. As Respondent points out, Petitioner is no longer in custody. Petitioner was released on an Order of Supervision on August 5, 2015. Petitioner no longer has a personal stake in the outcome of this lawsuit. The relief Petitioner requested—release from continued and potentially indefinite detention—can no longer be granted by the Court. A habeas corpus petition filed by a petitioner who "challenge[s] only the length of his detention, as distinguished from the lawfulness of the deportation order, . . . [is] rendered moot by his removal." *Abdala v. INS*, 488 F.3d 1061, 1062 (9th Cir. 2007). For these reasons, this case is moot.

**IT IS THEREFORE RECOMMENDED that** the Habeas Petition be dismissed as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

Dated this 2nd day of December, 2015.

Honorable Deborah M. Fine
United States Magistrate Judge